D. W. ANDERSON v. JACOBS ROBERTS, LAVINA THOMPSON AND WILLIAM M. SPACKMAN, Trustees of J. Edgar Thompson Estate, Appellants.

**Plea and Charge:** REQUEST FOR LABOR: *Implied promise.* In an action for labor done and materials furnished in the repair of a house, an instruction was given that, where one performs labor or services for another at his request or with his consent, without agreement as to compensation, there is an implied promise to pay their reasonable value, which may be recovered from the persons for whom they were rendered. Also that, if plaintiff performed labor and furnished materials with the consent and knowledge of defendants, he could recover their reasonable value. *Held,* that such instructions were erroneous where the petition alleged that labor was done and material furnished at the oral request of defendant's agent, since they submitted a question not raised by the pleadings.

CHARGE AND EVIDENCE. There being no evidence that the material was furnished or the labor performed with the consent and knowledge of defendants or their agent, aside from evidence

tending to show that it was done at their instance and request, such instructions were also erroneous as submitting a question as to which there was no evidence.

*Appeal from Keokuk Superior Court.*—Hon. Rice H. Bell, Judge.

FRIDAY, JANUARY 18, 1901.

PLAINTIFF states his cause of action substantially as follows: That at the instance and request of W. C. Howell, of the firm of H. Scott Howell & Son, general agents of the defendants, he furnished material and performed labor in repairing the chimneys of the building known as the "Estes House," which material and labor were of the value of $108.70, no part of which has been paid. He alleges that the flues over the Wescott store were repaired by him at the request of W. C. Howell, and at that time the same was worth $8.50. Defendants answered, admitting that they requested plaintiff to repair one chimney on the Estes House over Wescott's store, but deny that it was worth $8.50. They deny that they requested the plaintiff to repair any of the other chimneys on said building, "or that the same was done with their knowledge or consent," and deny that it was worth $108.70. "Defendants allege that, if the said plaintiff performed labor or furnished materials in repairing any other chimneys on said building, as set out in his petitions, he did same voluntarily, and without their instance, request, or knowledge, or the instance, request, or knowledge of any of their agents; and that the value of any such labor and material did not exceed the sum of $30." Verdict and judgment were rendered in favor of the plaintiff for $71.49. Defendants appeal.—*Reversed.*

*J. C. Davis* and *H. Scott Howell* for appellants.

*A. J. McCrary* for appellee.

GIVEN, C. J.—I.  The court gave an instruction as fol-- lows:  "It is an implied contract where one performs labor or services for another at his request, or with his consent,. without any agreement or understanding as to the wages or compensation.  In such cases the law im-- plies a promise to pay the reasonable worth of the services, and the same may be recovered from the person or persons for whom such services were rendered.  An expressed contract is one where the parties agree expressly what sum or sums shall be paid as compensation for ser- vices."  If the labor was done and material furnished at the instance and request of defendant, as alleged, then there was an express contract except as to the amount to be paid, and as to that the law implies an agreement to pay the reasonable value.  There may be an express contract as to the labor and material without an express agreement as to the amount to be paid therefor.

II.  The court further instructed as follows:  "If you find by a fair preponderance of the evidence that the plain- tiff furnished certain material and performed certain labor on other chimneys and flues than the one over Wescott's store, under a contract, either expressed or implied, as de-- fined in these instructions, or that such labor was performed and material furnished with the consent and knowledge of defendants, your verdict should be for the plaintiff, and you should allow him the reasonable value of the labor per- formed and material furnished."  There is no allegation in the petition that the material was furnished or labor done with the consent and knowledge of the defendants. The cause of action stated is "that the labor performed and material furnished was done at the oral instance and re-- quest" of defendant's agent.  This court has many times held that it is error to submit to the jury a question not. presented by the pleadings, and it has also held that it is. error to submit an issue as to which there is no evidence..

See notes to section 3705 of the Code under "Pertinency to Issues and Evidence." There is no evidence that material was furnished or labor performed with the consent or knowledge of the defendants or their agent, aside from the evidence tending to show that it was at their instance and request. Appellant's complaints of these instructions are well founded, and for the errors therein the judgment is REVERSED.